Judge Haggin
delivered the opinion of the Court.
Sallv Williams, as executrix of Charles Williams, obtained a warrant from a justice of the peace Elijah Kirk, for thirty-nine dollars, due by account. The justice gave judgment for the plaintiff. Kirk appealed to the Franklin circuit court. At the July term 1823 of that court, Kirk pleaded non assumpsit, by his attorney, and the plaintiff joined issue. At the October term of the same year, the plaintiff filed a declaration, with several counts, some founded upon a parol contract for the payment of money, and some for the payment of property, by parol. Kirk refused to plead to it, but was compelled, to avoid a judgment by default. He then filed pleas controverting the diction of the justice of the peace. To these the plaintiff demurred, and the court sustained the demurrer. The defendant then renewed the plea of non assumpsit, A trial was had, a contract for property was proved, a verdict for plaintiff, and defendant moved in arrest and for a new trial, &c.; but this motion was ruled, and Kirk appealed to this court.
The emu- in the a declaration tobe filed, is not cured by having^before it was offered, plead sttjno^by'his renewing the plea to the a^unsuccessful objection to the filing of tira^antfhis plea to the jurisdiction verruled11 °"
Jurisdiction where the parties are brought be-by appropri-4 ate process, or voluntan-its cogni- t0 ¡janee.
Swigert, for plaintiff; C. S. Bibb, for defendant.
The act of assembly increasing the jurisdiction of jasf;ices> gave cognizance in such cases as those mentioned in the warrant, and some others, and provided for their removal to the circuit court, by appeal, for final trial on the merits, where either party should de-it. ^at it certainly did not adopt that mode for bringing parties before the circuit court to litigate any other kind of cases than those specified in the act. It was> therefore, inadmissible for the plaintiff, in opposition to the will of the defendant, to file a declaration alleging causes of action entirely distinct from the inti-mfltions of the warrant, and of which the justice had no cognizance; and certainly the counts for property are of that description. 1 Monroe’s Rep. 74.
We admit the propriety of the court entertaining anc* deciding any controversy within its jurisdiction, where the parties voluntarily appear, declare, plead, and submit to its cognizance, without writ or other pre-v'ous process; but, without consent or process, it does not seem to us that the courts of our country can exercise their judicial functions, and determine upon the r'S*lts the citizen; and nothing indicative of such an assent is to be found in this record. True, the defendant, by his attorney, pleaded non assumpsit, before any declaration filed; but this must be construed a P^ea *° the action as set forth in the warrant; for the law did not require a declaration; and the pleadings 0f tfie defendant subsequent to the declaration, are un^er coercion, and in denial of the propriety of the proceedings.
The judgment is therefore reversed, and the cause remanded for further proceedings to be had, conforma-bly to this opinion.